IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| THOMAS BURNSIDE § | |
| § | |
| vs. § | CIVIL ACTION NO. _____ |
| § | JURY |
| NUECES COUNTY, TEXAS § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE DISTRICT COURT JUDGE:**

Now comes Plaintiff Thomas Burnside (hereinafter "Plaintiff"), and files this, his *Plaintiff's Original Complaint*, against The Nueces County, Texas, Defendant herein. For cause of action, Plaintiff would show unto the Court the following:

**I.
JURISDICTION AND VENUE**

1. This court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1343(3) (civil rights). This court also has supplemental jurisdiction pursuant to 28 U.S.C.S. §1367 to hear the state claims that will be set forth in this complaint. Venue is proper in the Southern District of Texas, Corpus Christi Division as this is the district where the claim arose in accordance to 29 U.S.C.§1391(b).

2. Plaintiff, by and through the above, has complied with all conditions precedent and exhausted all administrative remedies prior to filing suit.

3. Because the acts and omissions forming the basis of this suit occurred in Nueces County, Texas, venue is appropriate in the Corpus Christi Division of the Southern District of Texas pursuant to 29 U.S.C. §1391(b).

## II.
## THE PARTIES

4. Thomas Burnside (hereinafter "Plaintiff") is an individual and a permanent resident of Corpus Christi, Texas.

5. Defendant Nueces County, Texas (hereinafter "Nueces County") is a political subdivision of the State of Texas and can be served with summons upon Nueces County Judge Lloyd Neal, 901 Leopard Street, Corpus Christi, Texas 78401.

## III.
## STATEMENT OF FACTS

6. Whenever, in this complaint, it is alleged that any Defendant did any act, thing or omission, it is meant that any Defendant's officers, agents, servants, employees or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees or representatives.

7. Plaintiff Thomas Burnside, is an employee of the Nueces County Sheriff's Department. He has been an employee of the Nueces County Sheriff's Department for twelve (12) years. Prior to February 3, 2012, Sergeant Burnside had been assigned to the patrol division for approximately six (6) years. Sergeant Burnside was the Political Action Committee (PAC) chairman for the Nueces County Combined Law Enforcement Association. Sometime in January of 2012, Sergeant Burnside was on duty at the Corpus Christi International Airport. Sheriff Jim Kaelin approached him and told him that the PAC should support and endorse his candidacy for Sheriff. Sergeant Burnside told Sheriff Kaelin that he would not be treated any differently than any other candidate and that the members would vote on the endorsement without any pressure from anyone. A few days later, Sheriff Kaelin again approached Sergeant Burnside and stated that the PAC better

support and endorse his candidacy for Sheriff. By January 12, 2012, it was common knowledge that the PAC did not support nor did they endorse Sheriff Kaelin. On February 3, 2012, Sheriff Jim Kaelin transferred Sergeant Burnside as Sergeant - Patrol Division to Sergeant - Jail Division. To date, Sergeant Burnside remains a jailer at the Nueces County Jail.

## IV.
## - COUNT ONE -
## VIOLATIONS OF THE UNITED STATES CONSTITUTION

8. The allegations contained in paragraphs 6 through 7 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

9. Plaintiff pleads that defendants maintain a pattern and practice of depriving persons, including Plaintiff, of their rights secured by the first, fourth, fifth, and fourteenth amendments to the united states constitution.

10. Plaintiff further pleads that all defendants retaliated against him in violation of the first amendment to the united states constitution because he engaged in free speech regarding matters of public concern. Plaintiff avers that his free speech was a motivating or substantial factor in defendants' retaliatory conduct toward him.

11. Plaintiff further pleads that defendants retaliated against him in violation of the first amendment to the united states constitution because defendants, jointly and severally, retaliated and/or conspired to retaliate against him because he engaged in protected free speech.

12. Plaintiff further pleads that all defendants denied him procedural due process rights in violation of the fourteenth amendment to the united states constitution.

13. Plaintiff further pleads that all defendants violated his substantive due process rights in violation of the fourteenth amendment to the united states constitution and that at all relevant times hereto, they were deliberately indifferent to Plaintiff's civil rights.

**V.**

**<u>VIOLATIONS OF 42 U.S.C. §1983</u>**

14. The allegations contained in paragraph 6 through 7 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

15. Plaintiff pleads that all defendants, under color of statute, ordinance, regulation, custom, or usage, subjected, or caused to be subjected, Plaintiff to the deprivation of his rights, privileges, and immunities secured by the constitution and laws. Plaintiff pleads that all defendants additionally violated his civil rights as protected by 42 u.s.c. §1983 by retaliating and conspiring against Plaintiff for his free speech in reporting misconduct of public officials and others in the department.

16. Plaintiff further pleads that all defendants, through their employees, agents, and representatives, implemented and enforced a custom, policy statement, ordinance, regulation, or decision that deprived him of his civil rights. Under color of state law, all defendants conspired to retaliate against him because he engaged in free speech regarding matters of public concern: misconduct by public officials and employees.

17. Plaintiff further pleads that defendants' customs, policy statements, ordinances, regulations, or decisions deprived him of his civil rights. Under color of state law, Plaintiff pleads that all defendants retaliated against him in violation of the first amendment to the united states constitution because they, jointly and severally, retaliated and/or conspired to retaliate against him because he engaged in protected speech.

18. More specifically, defendants retaliated against Plaintiff as set forth in Plaintiff's statement of facts because he exercised his right to be involved in the political process on his own personal time. Defendants, by operation of their customs, policy statements, ordinances, regulations,

or decisions, permits, tolerates, and encourages a workplace atmosphere where free speech rights are disfavored and suppressed.

19. Pleading in the alternative, Plaintiff pleads that defendants maintained a persistent, widespread practice by officials or employees that, although not authorized by officially adopted and promulgated policy, was so common and well settled that it constituted a custom and fairly represented municipal policy and that such persistent, widespread practice deprived him of his civil rights. Defendants, by operation of a persistent, widespread practice by officials or employees that, although not authorized by officially adopted and promulgated policy, was so common and well settled that it constituted a custom and fairly represented municipal policy, that permits, tolerates, and encourages a workplace atmosphere where free speech rights are disfavored and suppressed.

## VI.
## DAMAGES

20. As a result of the foregoing unlawful and wrongful acts of defendants, jointly and severally, Plaintiff has been caused to suffer general damages which include but are not limited to the following: pain and suffering, emotional and mental distress, impairment of reputation, personal humiliation, and severe emotional distress, as well as lost wages due to his demotion.

21. By and through his original complaint, Plaintiff pleads that defendant has caused him to suffer acute mental anguish. Plaintiff will, in all likelihood and for the balance of his life, continue to suffer mental anguish. As such, Plaintiff is entitled to compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

22. By and through his original complaint, Plaintiff pleads that defendant violated his civil rights with malice or reckless indifference to the federally protected rights of an aggrieved individual.

23. By and through his original complaint, Plaintiff pleads that he is entitled to liquidated damages.

24. Pursuant to the civil rights attorney's fee award act, 42 u.s.c. §1988, a prevailing party in a § 1983 case is entitled to recover its attorney's fees. Hence, Plaintiff further prays for all costs and attorney fees associated with bringing the present case to trial.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Thomas Burnside, prays that, upon final trial on the merits, he recover judgment against the Nueces County, Texas, said judgment entitling Plaintiff to:

   a. Compensation for all reasonable damages suffered by Plaintiff, including, but not limited to, past and future wages, lost employment benefits, and consequential damages, in an amount to be fixed upon inquest;

   b. Compensation for compensatory and punitive damages, in an amount to be fixed upon inquest;

   c. Compensation for liquidated damages;

   d. Pre-judgment and post-judgment interest, at the maximum rate permitted by law;

   e. All taxable costs of court expended in this lawsuit;

   f. Reasonable and necessary attorney's fees;

   g. A mandatory injunction reinstating Plaintiff to the position within the DEA Task Force with all applicable employment benefits, retroactive to May 31, 2012; and

   h. Such other and further legal relief, either at law or equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

GALE, WILSON & SÁNCHEZ, PLLC
115 E. Travis, 19th Floor
San Antonio, Texas 78205
Telephone: (210)222-8899
Telecopier: (210)222-9526
Email: cjgale@gws-law.com


By: /s/ Christopher J. Gale
    Christopher J. Gale
    Southern District Bar No. 27257
    Texas Bar Number 00793766
*Attorney-in-Charge for Plaintiff*

THE LAW OFFICES OF RENE RODRIGUEZ
433 S. Tancahua
Corpus Christi, Texas 78401
Telephone: (361) 882-1919
Telecopier:  (361) 882-2042
E-mail:  rene.rodriguez@rdrlaw.com


By: /s/ René Rodriguez
    René Rodriguez
    Southern District Bar No. 118807
    Texas Bar Number 17148400
*Attorney for Plaintiff*

## **Demand for Jury Trial**

Plaintiff hereby demands trial by jury pursuant to Fed.R.Civ.P. 8(b).