UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| THOMAS BURNSIDE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-341 |
| | § | |
| NUECES COUNTY, TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Court are Motions to Dismiss Plaintiff's Fifth Amended Complaint by Defendants Nueces County (D.E. 61) and Sheriff Jim Kaelin (D.E. 62).[1] The Court has considered the motions, responses, replies and all relevant filings. For purposes of this recommendation, the Court has not considered any evidence or exhibits and this recommendation is based strictly on the pleadings. To the extent Plaintiff seeks to bring a claim based on a constitutionally infirm municipal custom, practice or policy, Plaintiff has failed to allege enough facts to raise a plausible claim. Plaintiff's claims that he was retaliated against in violation of the First Amendment to the United States Constitution for engaging in the political process are plausible as to both defendants and otherwise satisfy the pleading requirements of Rule 12(b)(6). Therefore, it is recommended that Plaintiff's claims based on a municipal custom, practice or policy be DISMISSED and Plaintiff's other claims be retained.

---

[1] These motions were referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72.

## I. Jurisdiction

The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## II. Factual Background

Plaintiff Thomas Burnside was employed as a deputy sheriff with the Nueces County Sheriff's Department until his employment was terminated on March 28, 2013.[2] Mr. Burnside filed this action alleging he was punitively transferred and subsequently fired in violation of his First Amendment right to free speech and association for supporting the opponent of Defendant Jim Kaelin, the incumbent Nueces County Sheriff, in his bid for re-election.

Plaintiff Thomas Burnside had been employed with the Nueces County Sheriff's Department for twelve years, attaining the rank of sergeant prior to his employment being terminated. In the years leading up to the dispute in this case, Plaintiff Sergeant Burnside was assigned to the patrol division. Plaintiff Burnside also served as the Political Action Committee (PAC) chairman for the Nueces County Combined Law Enforcement Association.

Defendant Sheriff Jim Kaelin was up for re-election in the November 2012 elections in a contested race. In January 2012, Sheriff Kaelin told Plaintiff Burnside that the PAC should support and endorse his candidacy for Sheriff. Plaintiff Burnside told Sheriff Kaelin that he would be treated like everyone else, without special treatment and

---

[2] The factual background is drawn from Plaintiff's Fifth Amended Complaint (D.E.56). For purposes of this motion, the Court must examine the Defendants' motions in the light most favorable to Plaintiff, accepting all allegations as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

that the members would vote on the endorsement. A few days later, Sheriff Kaelin met with Plaintiff Burnside, this time telling Plaintiff that if the PAC did not endorse his candidacy for Sheriff, Plaintiff would be moved from the patrol division to the jail. The PAC did not support or endorse Sheriff Kaelin and on February 3, 2012, Sheriff Kaelin transferred Plaintiff Burnside to the jail. Plaintiff Burnside characterizes the reassignment as a demotion because the jail is considered to be an extremely less desirable position than working patrol.

On March 28, 2013, Plaintiff Burnside's employment with the Nueces County Sheriff's Department was terminated. Plaintiff Burnside alleges he was demoted and fired in retaliation for his involvement in the political process and in violation of his First Amendment rights of free speech and association and Title 42, United States Code, Section 1983.

### III. Legal Standard

Defendants seek dismissal of this case pursuant to Federal Rule of Civil Procedure 12(b)(6) maintaining Plaintiff's Fifth Amended Complaint fails to state a claim upon which relief can be granted. (D.E. 61, 62). The District Judge ordered additional briefing on the Defendants' motions to dismiss. (D.E. 75). In response to the Court's Order, the parties filed additional briefing and also attached exhibits. (D.E. 78, 84, 87). The parties were notified the Court intended to consider matters outside the pleadings and would convert Defendant Nueces County's motion to dismiss to one for summary judgment under Rule 56. (D.E. 80).

On October 16, 2013, the undersigned Magistrate Judge held a hearing on the motions to dismiss. A discussion was held on the record about whether the Court should consider evidence and convert the motions to dismiss to motions for summary judgment. The parties expressed concern that discovery has been stayed (D.E. 50), Defendants have not filed answers and it that may be premature to consider summary judgment evidence. The parties were given an opportunity to be heard and did not object to the undersigned Magistrate Judge's suggestion that the motions be considered as motions to dismiss under Rule 12(b)(6) as filed and that the Court not consider evidence or matters outside the pleadings. After having considered the positions of the parties, the applicable law, and the motions, responses and replies, the undersigned recommends that that conversion of Defendants' Rule 12(b)(6) motions is unnecessary here because the Court has sufficient information to rule on Defendants' pending motions to dismiss. Therefore, this recommendation is submitted applying the law applicable to motions to dismiss and is based on the pleadings without regard to any unplead facts, evidence or attachments submitted by the parties.

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." On a Rule 12(b)(6) motion to dismiss, the Court must examine the complaint in the light most favorable to Plaintiff, accepting all allegations as true and drawing all reasonable inference in favor of Plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The issue is not whether the plaintiff will prevail but whether the plaintiff is entitled to pursue his complaint and offer evidence in support of his claims.

*Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 l.Ed.2d 868 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id*.; *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Twombly*, 550 U.S. at 555.

    To state a claim under section 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Leffall v. Dallas Indep. Sch. Dist.,* 28 F.3d 521, 525 (5th Cir. 1994).

## IV.  Analysis

### A.  Defendant Sheriff Jim Kaelin

Defendant Jim Kaelin sets forth the following reasons why the Court should grant his motion to dismiss.

>    1. Plaintiffs pleadings are conclusory and fail to meet the pleading requirements to survive a motion to dismiss.
>
>    2. Plaintiff has not pled any policy on which his claim is based.
>
>    3. Plaintiff has not alleged sufficient facts to support a claim of retaliation for engaging in First Amendment Protected Conduct.
>
>    4. Plaintiff fails to plead facts that would negate Sheriff Kaelin's qualified immunity defense.

Defendant Kaelin sets forth a variety of additional facts and arguments which challenge and may rebut the Plaintiff's allegations.  However, the issue before the Court is whether Plaintiff Burnside's claim against Defendant Sheriff Kaelin should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief can be granted.  Defendant Kaelin points out in his Reply (D.E. 84, p.2) that Plaintiff cites authority which was based on the forgiving pleading standard of *Conley v. Gibson*[3] which has been overruled by *Twombly*[4] and further clarified by *Iqbol*.[5]  In reaching its conclusions in this Memorandum and Recommendation, the Court is applying the Rule 12(b)(6) standard as clarified by *Twombly* and *Iqbol*.  Under this standard, Plaintiff must allege facts sufficient to raise his claim beyond the level of

---

[3] 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).
[4] 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).
[5] 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)

speculation and must nudge his claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

Plaintiff Burnside alleges that he was employed by the Nueces County Sheriff's Department for twelve years, attaining the rank of sergeant and spent the last six years assigned to the patrol division. He also served as the Political Action Committee chairman for the Nueces County Combined Law Enforcement Association. He further alleges in his personal time he participated in the political process during off duty hours and supported Defendant Sheriff Kaelin's opponent in a pending election. Plaintiff Burnside alleges Sheriff Kaelin was unhappy with the lack of political support he was receiving from certain law enforcement officers' associations. Specifically, Sheriff Kaelin expressed unhappiness with Plaintiff's role as the chairman of the PAC which supported Kaelin's opponent. Defendant Sheriff Kaelin issued an ultimatum to Plaintiff Burnside that if the PAC failed to endorse his candidacy, he would be transferred to a less desirable position in the Nueces County Jail. Plaintiff Burnside and the PAC continued to support Defendant Kaelin's opponent and did not endorse Defendant Kaelin. Thereafter, Plaintiff was subsequently transferred to the jail, which Plaintiff Burnside characterizes as a demotion.

In order to establish a First Amendment retaliation claim under 42 U.S.C. § 1983, a public employee must show: (1) that the employee suffered an adverse employment decision; (2) that he engaged in speech involving a matter of public concern; (3) that his interest in commenting on the matter of public concern outweighed the employer's

interest in promoting efficiency; and (4) that his speech motivated the defendant employer's retaliatory action. *Finch v. Fort Bend Indep. Sch. Dist.,* 33 F.3d 555, 563 (5th Cir. 2003). The elements of an "association" claim under the First Amendment are similar, except that instead of establishing he engaged in protected speech, Plaintiff must establish that he engaged in constitutionally protected activity. *See Jordan v. Ector Cnty.,* 516 F.3d 290, 295 (5th Cir. 2008); *Rolf v. City of San Antonio,* 77 F.3d 823, 827 (5th Cir. 1996).

With regard to the first element, Plaintiff Burnside must show he suffered an adverse employment decision. There is no dispute that being fired is an adverse employment decision. *See Pierce v. Texas Dept. of Crim. Justice, Inst. Div.,* 37 F.3d 1146, 1149 (5th Cir. 1994) ("Adverse employment actions are discharges, demotions, refusals to hire, refusals to promote, and reprimands.") Plaintiff Burnside also alleges he was transferred from the patrol division to the Nueces County Jail. The Fifth Circuit has considered such lateral transfers to be demotions when the new "jobs in the jail are not as interesting or prestigious as jobs in the law enforcement section." *Click v. Copeland,* 970 F.2d 106, 110 (5th Cir. 1992); *see also Forsyth v. City of Dallas*, 91 F.3d 769, 774 (5th Cir. 1996). Plaintiff's Fifth Amended complaint is sufficient with regard to the first element.

The second element is that Plaintiff Burnside engaged in speech involving a matter of public concern or otherwise engaged in activity protected by the First Amendment. Plaintiff Burnside alleges his speech and conduct involved his political activities surrounding the election of the Nueces County Sheriff. Plaintiff Burnside alleges his

constitutionally protected activities included his service as the Chairman of a Political Action Committee which did not endorse the Sheriff. Plaintiff Burnside also personally supported Sheriff Kaelin's opponent. Campaigning for a political candidate refers to a matter of public concern and is constitutionally protected activity. *Vojvodich v. Lopez*, 48 F.3d 879, 885 (5th Cir. 1995). Therefore, Plaintiff Burnside has alleged sufficient facts to infer that the second element is satisfied.

The third element is that Plaintiff's interest in commenting on the matter of public concern outweighed the employer's interest in promoting efficiency. The Fifth Circuit addressed this issue in *Brady v. Fort Bend County*, 145 F.3d 691, 708-09 (5th Cir. 1998), *cert. denied*, 525 U.S. 1105, 119 S.Ct. 873 (1999). The court held that deputy sheriffs' interest in their political activities in supporting a candidate for sheriff outweighed the county's interest in promoting efficiency when the opposing candidate prevailed in the election. *Id.* In reaching its decision, the Court in *Brady* applied a fact specific balancing inquiry which is not necessary for the analysis of the Defendants' motion to dismiss. Plaintiff's Complaint is facially plausible, and therefore sufficient, on the third element. *Ashcroft v. Iqbol*, 556 U.S. at 678.

The final element Plaintiff Burnside must show to establish a First Amendment retaliation claim is that his speech motivated the defendant employer's retaliatory action. Whether an employee's protected conduct was a substantial or motivating factor in an employer's decision to take action against the employee is a question of fact. *Brawner v. City of Richardson, Tex.*, 855 F.2d 187, 193 (5th Cir. 1988). However, for purposes of deciding the issue currently before the Court, Plaintiff's Complaint is facially plausible

and is sufficient as to the final element. Plaintiff Burnside alleged that Defendant Kaelin gave Plaintiff Burnside an ultimatum that if the PAC failed to support Defendant Kaelin, Plaintiff would be transferred to the jail. Plaintiff Burnside chose to support Defendant Kaelin's opponent and the PAC likewise endorsed the opponent. Thereafter, Defendant Kaelin transferred Plaintiff Burnside to a position in the county jail which Plaintiff has characterized as a demotion. Plaintiff's Complaint alleges sufficient facts to establish all of the elements necessary to state a claim on which relief may be granted.

In his motion to dismiss, Defendant Sheriff Kaelin quotes *Ashcroft v. Iqbol* and argues that Plaintiff's allegations are "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." 556 U.S. at 679 (D.E. 62, 4). The Court disagrees with the Defendant's assessment. Plaintiff's Fifth Amended Complaint, for the reasons set forth above, does significantly more than recite the elements of a cause of action or make conclusory statements not supported by any facts.

Defendant Sheriff Kaelin further argues that Plaintiff has failed to plead any policy on which Plaintiff's claim against him is based. (D.E. 62, p. 7). Plaintiff Burnside has responded that his cause of action against Sheriff Kaelin does not rely on an alleged unconstitutional policy, nor is such an allegation necessary to state a cause of action against Defendant Sheriff Kaelin. (D.E. 69, p. 4). During the October 16, 2013, hearing on the pending motions, counsel for Plaintiff re-asserted his position that the issue of whether Defendant Kaelin followed a municipal policy, custom or practice is not relevant to his cause of action against Defendant Kaelin.

Plaintiff's cause of action against Sheriff Kaelin is against the Sheriff in his individual capacity for actions which he is alleged to have been personally involved. Plaintiff does not bring this action against Sheriff Kaelin due the unconstitutional actions of a subordinate. To state a section 1983 claim, "[a] plaintiff must establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation." *James. V. Texas Collin County,* 535 F.3d 365, 373 (5th Cir. 2008) (citing *Anderson v. Pasadena Indep. Sch. Dist.,* 184 F.3d 439, 443 (5th Cir. 1999)). Plaintiff alleges that Defendant Kaelin was personally involved in the deprivation of Plaintiff's rights under the First Amendment. The failure of the Complaint to allege an unconstitutional policy does not render Plaintiff's Fifth Amended Complaint defective. Plaintiff Burnside does not base his claim against Defendant Kaelin on the enforcement of an unconstitutional policy and the establishment of such a policy is not required.

Defendant Sheriff Kaelin further argues his motion to dismiss should be granted because Plaintiff failed to plead facts that would negate Sheriff Kaelin's qualified immunity defense. (D.E. 62, p. 21). Defendant Kaelin points out that "plaintiff has the burden to negate the assertion of qualified immunity once properly raised." *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009) (D.E. 84, p.12). "A public official is protected by qualified immunity if a reasonable officer would have believed that his actions met constitutional standards. Significantly, the question is not whether the law was settled, viewed abstractly, but whether, measured by an objective standard, a reasonable officer would know that his action [was] illegal." *Matherne v. Wilson,* 851

F.2d 752, 756 (5th Cir. 1988) (footnote omitted) (citing *Anderson v. Creighton,* 483 U.S. 635, 640 (1987)). Accordingly, government officials are liable individually for their conduct "only if they reasonably can anticipate when [it] may give rise to liability for damages." *Davis v. Scherer*, 468 U.S. 183, 195 (1984).

Plaintiff Burnside has alleged sufficient facts, which if proven, would negate Defendant Sheriff Kaelin's qualified immunity defense. The Supreme Court has consistently held that "the First Amendment forbids government officials to discharge or threaten to discharge public employees solely for not being supporters of the political party in power, unless party affiliation is an appropriate requirement for the position involved." *Rutan v. Republican Party of Ill.,* 497 U.S. 62, 64 (1990); *see also Branti v. Finkel,* 445 U.S. 507 (1980); *see also Elrod v. Burns,* 427 U.S. 347 (1976).

### B. Defendant Nueces County

Defendant Nueces County moves to dismiss Plaintiff Burnside's Fifth Amended Complaint for multiple reasons, several of which were raised by Defendant Sheriff Kaelin and addressed by the Court above. Therefore, the Court's analysis and reasoning addressing the elements of the cause of action, the factual sufficiency of Plaintiff's pleadings and whether the Complaint alleges unsupported conclusory statements are adopted herein as to Defendant Nueces County. The remaining substance of Nueces County's motion to dismiss involves whether Nueces County can be held liable for the actions of its sheriff based on theories of agency and whether the County has adopted an unconstitutional custom, practice or policy.

Defendant Nueces County argues that Plaintiff's complaint is defective because Plaintiff Burnside relies on vague and contradictory theories of agency whereby Nueces County is automatically liable for the conduct of its sheriff. The County takes particular issue with paragraph 5 of Plaintiff's Fifth Amended Complaint where he alleges:

> Whenever, in this complaint, it is alleged that Defendant did any act, thing or omission, it is meant that Defendant's elected Sheriff Jim Kaelin (hereinafter "Sheriff Kaelin") did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of Defendant (by and through Sheriff Kaelin) or was done in the normal and routine course and scope of employment/appointment/term of Sheriff Kaelin and/or his designees and as such constitutes the "policy" and/or actions of Defendant for all intents and purposes.

Defendant Nueces County further points out that Plaintiff Burnside alleges Nueces County maintains a pattern and practice of depriving people of their rights secured by the First Amendment. Defendant Nueces County correctly explains that Plaintiff's Complaint is devoid any facts which would specify or identify the unconstitutional practice, custom or policy of Nueces County. Defendant Nueces County argues that such pleading is deficient for many reasons, including the inadequate description of the policy or custom and factual basis for the allegation. *Spiller v. City of Texas City, Texas*, 130 F.3d 162, 167 (5th Cir. 1997).

Despite pleading a policy, custom, or practice in his Fifth Amended Complaint (D.E. 56, ¶¶ 9, 14), Plaintiff's response to the motion to dismiss indicates that he is not pursuing a theory of liability against Defendant Nueces County based on a municipal custom policy or practice. Plaintiff Burnside argues that "based on existing law

concerning Texas sheriffs - it is not necessary to allege any allegation of agency and/or 'custom, policy or practice." (D.E. 67, p. 2). He further argues that "a sheriff's constitutional violation results in county liability even if contrary to other state law or policy." (D.E. 67, p. 3). Plaintiff Burnside explains that his theory of liability is not dependent on an unconstitutional custom, practice or policy. (D.E. 67, p.3). During the October 16, 2013 hearing on the Defendants' motions, counsel for Plaintiff was given an opportunity to clarify whether he was stating a claim based on a municipal custom policy or practice. Counsel for Plaintiff was unable to articulate a municipal policy, custom or practice on which his claim is based other than the individual adverse employment actions set forth in his Fifth Amended Complaint.

A municipality generally is immune from constitutional tort liability unless such liability arises out of the execution of an official policy or custom of the municipality. *See Monell v. Department of Soc. Servs.,* 436 U.S. 658 (1978). The Court agrees with Defendant Nueces County that Plaintiff's Fifth Amended Original Complaint (D.E. 56) fails to state with sufficient particularity any such policy or custom. Plaintiff has alleged that Defendant Nueces County maintains a pattern and practice of depriving people of their First Amendment Rights. (D.E. 56, ¶ 9). He further alleges that Defendants "by operation of their customs, policy statements, ordinances, regulations, or decisions, permits, tolerates, and encourages a workplace atmosphere where rights to free speech association are suppressed and stigmatized." (D.E. 56, ¶ 14).

Plaintiff has not alleged any facts which identify a pattern, practice, custom, policy statement, ordinance, regulation or decision with any particularity. Plaintiff's allegations

in this regard are statements and conclusions unsupported by any underlying facts. Additionally, Plaintiff has failed to provide Defendant Nueces County fair notice of what municipal custom, policy and practice Plaintiff relies on to bring this action. To the extent Plaintiff is raising a claim of a *de facto* policy, Plaintiff has not shown a "persistent, widespread practice of [government entity] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Johnson v. Deep East Tex. Reg. Narcotics Trafficking Task Force,* 379 F.3d 293, 309 (5th Cir. 2004). The description of a generalized policy of violating employees' First Amendment Rights is deficient because it is conclusory and does not contain specific facts." *Spiller v. City of Texas City, Texas,* 130 F.3d 162 at 167.

    Importantly, Plaintiff has previously been granted leave to amend, and has amended his complaint on five occasions. (D.E. 19, 24, 27, 33, 56). In its pending and prior motions to dismiss, Defendant Nueces County has articulated its objection to Plaintiff's failure to adequately plead a cause of action based on a municipal custom, practice or policy. (D.E. 61, p. 7-10). However, Plaintiff has failed amend his pleading in a manner that meets the Rule 12(b)(6) standard as clarified by *Twombly* and *Iqbol*. Plaintiff has, instead, responded that his theory of liability does not depend on the County implementing or enforcing an unconstitutional custom, practice or policy. (D.E. 67, p. 2-3). Plaintiff has had sufficient opportunity to amend his complaint to comply with Rule 12(b)(6) but has failed to do so. Therefore, for the reasons stated herein, it is recommended that the Court dismiss Plaintiff's claims that Defendant Nueces County

maintained a pattern, practice, custom or policy of depriving persons of their rights secured by the First Amendment.

While Plaintiff has failed to state a claim against Defendant Nueces County based on a municipal policy, custom or practice, Plaintiff has stated a plausible claim against Nueces County based on Defendant Sheriff Kaelin being the final policymaking authority with regard to the employment decisions at issue in this case. A single action by a municipal official possessing final policymaking authority regarding the action in question constitutes the official policy of the municipality, and the determination of whether a municipal official wields final policymaking authority regarding a particular action constitutes a question of state law. *See McMillian v. Monroe Cty.,* 520 U.S. 781 (1997). Therefore, if Sheriff Kaelin was the final "policymaker" for the employment decisions at issue (the transfer/demotion and termination) the County may be subject to liability. The relevant inquiry is "whether governmental officials are final policymakers for the local government *in a particular area, or on a particular issue.*" *Id.* (emphasis added).

In *Brady v. Fort Bend County,* the Fifth Circuit noted that Texas law "unequivocally vests the sheriff with final policymaking authority" with respect to filling available employment decisions in the sheriff's department. 145 F.3d 691, 699 (5th Cir. 1998) (interpreting Tex. Loc. Gov't Code Ann. § 85.003(c)). "[T]he Texas legislature has vested sheriffs with such discretion, and the sheriff's exercise of that discretion is unreviewable by any other official or governmental body in the county." *Id.* at 700. "Thus, at least in those areas in which he, alone, is the final authority or ultimate

repository of county power, his official conduct and decisions must necessarily be considered those of one 'whose edicts or acts may fairly be said to represent official policy' for which the county may be held responsible under section 1983." *Turner v. Upton Cty.,* 915 F.2d 133, 136 (5th Cir. 1990) (quoting *Familias Unidas v. Briscoe,* 619 F.2d 391, 404 (5th Cir. 1980)). In *Brady,* the Fifth Circuit rejected the county's argument that, because Texas law authorizes the creation of a civil service commission to review employment decisions, sheriffs do not possess final policymaking authority, stating that no such system existed in Fort Bend County when the sheriff took office. 145 F.3d at 699.

Whether, and to what degree, Defendant Nueces County limits the Sheriff's employment decisions is currently disputed by the parties (D.E. 78, 87). The Court, by written order, requested the parties to address whether and to what degree the County has implemented systems which limit the Sheriff's ability to engage in unconstitutional employment practices. (D.E. 75). The Court has read the parties' additional briefing and, after further consideration, believes and recommends that it would be more appropriate to address the issues raised therein on a motion for summary judgment.

For purposes of resolving Defendant Nueces County's motion to dismiss, Plaintiff is pursuing his claim against the County based on the theory that the Sheriff is the final policymaking authority for the employment decisions of which Plaintiff Burnside complains. Plaintiff is not pursuing a claim based on a custom, policy or practice, and to the extent he is, that claim should be dismissed. Pursuant to *Brady,* a Texas sheriff is the final policymaker with respect to certain employment decisions, and as such, Plaintiff's

Fifth Amended Complaint alleges sufficient facts to state a claim upon which relief may be granted against Defendant Nueces County.

## V. Conclusion

Plaintiff Thomas Burnside's Fifth Amended Complaint does not satisfy the pleading requirements of Rule 12(b)(6) of the Federal Rules of Civil Procedure as to his claims based on a municipal custom, practice or policy against Defendant Nueces County. Otherwise, the allegations in Plaintiff's complaint against Defendants Sheriff Kaelin and Nueces County, if true, allege sufficient facts to state a claim on which relief may be granted and otherwise satisfy the pleading requirements of Rule 12(b)(6). For the reasons stated above, the undersigned Magistrate Judge recommends that the Motion to Dismiss by Defendant Kaelin (D.E. 62) be DENIED and the Motion to Dismiss by Defendant Nueces County (D.E. 61) be GRANTED in part to the extent Plaintiff seeks to bring a claim based on a municipal custom, practice or policy and otherwise DENIED.

ORDERED this 28th day of October, 2013.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).